**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Jose Leonardo Rodriguez-Arevalo,

     Petitioner,

     v.                              Case No. 2:26-cv-02763-BCL-tmp

Christopher Bullock,

     Respondent.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Jose Leonardo Rodriguez-Arevalo has filed a Petition for Writ of Habeas Corpus in which he purports to challenge his detention pending removal proceedings without a bond hearing. Doc. 1 at 3. For the reasons that follow, the Petition is **DENIED**.

Petitioner's petition is denied for failure to exhaust administrative remedies. Respondent notes that "[t]o date, Petitioner has not filed a bond request in immigration court." Doc. 7 at 1. Petitioner has not argued otherwise, despite being expressly granted leave to file a reply. Doc. 6. So Petitioner is asking this Court to step in in the first instance and order him released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 7. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion

1

gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).  Petitioner has not offered any reason that would justify dispensing with the prudential exhaustion requirement in this context.  Petitioner must file a bond motion with the immigration court, and exhaust his remedies there, before seeking judicial relief.

**CONCLUSION**

Plaintiff's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED**, this 15th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

2