**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JOSE LEONARDO RODRIGUEZ-AREVALO**,

    Petitioner,

    v.                                                             Case No. 2:26-cv-02763-BCL-tmp

**CHRISTOPHER BULLOCK**,

    Respondent.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Jose Leonardo Rodriguez-Arevalo has filed a Petition for Writ of Habeas Corpus by which he challenges his detention pending removal proceedings without a bond hearing. Doc. 1 at 3. For the reasons that follow, the Petition is **DENIED**.

At the outset, the Court notes that, in his Reply, Petitioner now seeks immediate release, or at minimum various procedural safeguards, based on arguments nowhere presented in his Petition. This is at least the third time Petitioner's counsel has proceeded in this fashion, and the prior orders have made clear that the tactic results in forfeiture. *See Acevedo-Solis v. Bullock*, 2026 WL 2137955, at *2 (W.D. Tenn 2026) (so concluding); *Murillo Moran v. Bullock*, 2026 WL 1998625, at *1 (W.D. Tenn. 2026) ("And counsel, in this case and similar cases, are again reminded of the impropriety of reserving arguments for a reply brief and that one potential consequence of doing so, among others, is the rejection of those arguments on grounds of forfeiture."). So too here, for the arguments in support of immediate and automatic release as well as the new procedural arguments set out in reply. **And the Court yet again advises counsel of**

1

**the need—and requirement—of making a petitioner's arguments in the petition, and not in reply.**

More broadly, the petition is denied for failure to exhaust administrative remedies. Respondent notes that "[t]o date, Petitioner has not filed a bond request in immigration court." Doc. 8 at 2. So Petitioner is asking this Court to step in in the first instance and order him released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and

to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

In his Reply, Petitioner argues that exhaustion should be excused because he presents a "pure legal issue." Doc. 14 at 4. That argument fails because the legal issue is moot: Petitioner claims he is entitled to a bond hearing, but whereas Respondent has freely acknowledged that "this case is covered by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 2026 WL 1283891 ... (6th Cir. May 11, 2026)," which held that at least some noncitizens are entitled to individualized bond determinations under 8 U.S.C. § 1226.

Petitioner also contends that irreparable harm would ensue if he were required to exhaust his bond request before the immigration court and BIA. This contention fails for at least three reasons. *First*, Petitioner has not even sufficiently claimed irreparable harm. He refers generically to separation from his family and jeopardy to his employment, but to accept these sorts of broad allegations would be to excuse exhaustion for any noncitizen with a job or relations in the United States; the exception would swallow the rule. *Second*, even if Petitioner's claims might suffice in the abstract, he has offered no proof capable of supporting excusal of exhaustion—which is an independent reason this argument fails. And, *third*, any harm here is largely of Petitioner's own creation: The delay in obtaining a bond hearing in this case is largely due to Petitioner's choice to attempt to bypass the administrative process in favor of a premature request for adjudication under Article III.

Petitioner also asserts in Reply that pursuing a bond hearing before an Immigration Judge would be futile. Doc. 14 at 5. Petitioner apparently means that he is unlikely to succeed before the Immigration Judge and BIA. But "the crucial inquiry [is] whether the agency *can* provide the relief

3

requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 798, 810 (6th Cir. 2026) (emphasis added).

As in *Murillo Moran* and *Acevedo-Solis*, the remainder of Petitioner's new arguments consist of a variety of factors why, in Petitioner's view, a bond hearing could only result in release. *See* Doc. 14 at 6-7. It would be improper for the Court to adjudicate these arguments which go to the heart of the bond determination, because to do so would be to usurp the role of the Immigration Court and Board of Immigration Appeals, to which such determinations belong, and would end run the statute barring judicial review of such decisions. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS SO ORDERED**, this 27th day of July, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

4