**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JOSE LEONARDO RODRIGUEZ-AREVALO**,

    *Petitioner*,

    v.                                  Case No. 2:26-cv-02763-BCL-tmp

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    *Respondent*.

---

### ORDER DENYING MOTION FOR RECONSIDERATION

---

On July 27, 2026, the Court denied Petitioner's petition of writ of habeas corpus under Section 22241, Title 28 of the United States Code. Doc. 15. The Court gave three reasons. First, the Court explained that Petitioner forfeited arguments for immediate release—as opposed to a bond hearing before the immigration tribunals—and for imposition of procedural safeguards that he omitted from his petition and first raised in his reply. *Id.* at 1-2. Second, in a ground that itself independently supports denial of the petition in its entirety, the Court dismissed the petition for failure to exhaust administrative remedies, concluding that the prudential exhaustion requirement was not excused. *Id.* at 2-4. And, third, the Court determined that Petitioner's request for the Court to order immediate release would improperly end run 8 U.S.C. § 1226(e), although that last point obviously is closely related to the lack of administrative exhaustion and unnecessary in light of the forfeiture. *Id.* at 4

Petitioner has now filed a Motion for Reconsideration "which is … addressed to a single, discrete, and correctable legal premise embedded in the order: that a habeas petitioner is procedurally barred, as a categorical 'requirement,' from raising in a reply brief any argument not first raised in the petition itself." Doc. 16 at 2. As Petitioner himself acknowledges, the Motion could not change the bottom line in this case due to the lack of exhaustion; it effectively seeks an advisory opinion and could be denied on that basis alone. In any event, for the additional reasons that follow, that Motion is **DENIED**.

*First*, Plaintiff misreads the Court's order and his own filings. While Petitioner argues that a Petitioner cannot in his petition "rebut arguments the Government has not yet made" (Doc. 16 at 1-2), the Court never suggested any such thing. Rather, the Court concluded only that a Petitioner must articulate in its petition (or an associated brief) the relief he seeks and the affirmative arguments for that relief, instead of saving them for reply. Doc. 15 at 1-2. Take Petitioner's own filings: Viewing the seven-page petition liberally, Petitioner argued only that, under governing statutes and the Fifth Amendment, he could not be mandatorily detained without a bond hearing—i.e., that he was entitled to a bond hearing to contest detention. Doc. 1. Petitioner did request "immediate release" at the tail end of his petition, but that request was not tied in any discernible way to the arguments in the petition. *Id.* at 7. Then, in his reply, Petitioner added: (1) relatively lengthy new arguments for immediate release (Doc. 14 at 1-2, 6-8, 8-9) and (2) wholly new requests that specific procedures should be required for any bond hearing (Doc. 14 at 8, 9). Contrary to Petitioner's suggestion, those arguments were not mere replies to the opposition. The Court noted that *that* practice--of leaving affirmative claims and arguments for reply--results in forfeiture. At one point in his new Motion, Petitioner apparently agrees. Doc. 16 at 3 (noting courts often disregard "entirely new claims or theories of relief injected for the first time in reply").

2

*Second*, contrary to Petitioner's suggestion, there is an abundance of authority for the basic rule that a party should not save its arguments for a reply. *See, e.g., Cooper v. Shelby Cty.,* No. 07–2283–STA–cgc, 2010 WL 3211677, at *3 n.14 (W.D. Tenn. Aug. 10, 2010) (collecting cases declining to consider arguments raised for the first time in a reply). Habeas cases are no different. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293, 311-12 (6th Cir. 2011) (holding "district court properly declined to address" grounds for relief "not asserted in [the petitioner's] habeas petition, but only in his traverse"); *Burns v. Lafler,* 328 F.Supp.2d 711, 724 (E.D. Mich. 2004) ("[A] court cannot consider new issues raised in a traverse or reply to the State's answer.").  Indeed, the Rule 2 of the Rules Governing Section 2254 Cases (which apply to other habeas petitions) require that the petition "specify all grounds for relief available to the petitioner" and explain the bases for each ground along with the relief requested. And the rule is entirely sensible, because allowing parties to save affirmative arguments for reply deprives the opposing party of its fair chance to respond and incentivizes whack-a-mole litigation of the sort Petitioner affirmatively invites in his Motion (Doc. 16 at 5).

*Third*, Petitioner argues that it is difficult for a habeas petitioner to know the basis for his claims in the immigration context. Doc. 16 at 5-6. But to take examples from this case: It is difficult to see how a purported lack of information pre-petition would prevent a petitioner from deciding to argue for immediate release instead of a bond hearing—and if there is doubt, including the legal bases for both—or from claiming that the law compels certain specific procedures in a bond hearing. Nothing the Government said in its Opposition crystallized the choice to make those claims, which Petitioner raised for the first time in Reply. And, when it comes to Petitioner's request for immediate release, the factual arguments Petitioner makes in reply concern Petitioner himself and his life (Doc. 6-8)—meaning counsel could have and should have obtained the

information and developed arguments based on it *before* filing the Petition. *Cf. In re Engle Cases*, 767 F.3d 1082, 1114 (11th Cir. 2014) (noting "requirement that a lawyer investigate the facts alleged in his complaints before filing them," even if volume of caseload or lack of resources makes that difficult).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**, this 7th day of August, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE